IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-41254
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

MARCO ANTONIO HERRERA-CALVO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 5:07-CR-1116-1

_____

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marco Herrera-Calvo appeals the sentence he received after pleading guil-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ty. He argues that his sentence is procedurally unreasonable because the district court did not explain its reasons for selecting the sentence or give adequate consideration to his history of drug and alcohol abuse and that the sentence is substantively unreasonable because it "overpunish[es]" his offense of illegal reentry.

We review Herrera-Calvo's arguments for plain error, because he did not object to his sentence or the adequacy of reasons for selecting it. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). Plain error review "requires considerable deference to the district court and erects a more substantial hurdle to reversal of a sentence than does the reasonableness standard." Id. at 391. To demonstrate plain error, an appellant must show "(1) error, (2) that is clear or obvious, and (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993). Even if those factors are established, the decision to correct the forfeited error is discretionary and will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Id. at 736.

Citing Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita v. United States, 127 S. Ct. 2456, 2463 (2007), Herrera-Calvo argues that his within-guidelines sentence should not be accorded a presumption of reasonableness, for the reason that the justification for applying a presumption of reasonableness is undercut because U.S.S.G. § 2L1.2(b), used to calculate his advisory sentencing range, was promulgated without taking into account "empirical data and national experience." Kimbrough does not support Herrera-Calvo's contention. The question presented there was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." Kimbrough, 128 S. Ct. at 564. Speaking specifically to the crack cocaine guidelines, the Court merely ruled that "it would not be an abuse of discretion for a district court to con-

clude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. The Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), cert. denied, 2008 U.S. LEXIS 6277 (U.S. Oct. 6, 2008), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable.

The district court's statements at sentencing were adequate to show that it had considered Herrera's arguments and the pertinent sentencing factors. See Rita, 127 S. Ct. at 2468. After reviewing for procedural errors and considering the substantive reasonableness of the sentence (fifty-one months for illegal re-entry after deportation), we conclude that Herrera-Calvo has failed to show that his sentence is not entitled to a presumption of reasonableness or is plain error.

AFFIRMED.